**From:** Eugene Illovsky [mailto:eugene@illovskylaw.com]
**Sent:** Friday, February 02, 2018 6:27 PM
**To:** Craig Wenner
**Subject:** Re: Almaty et ano. v. Ablyazov et al

Hi Craig:

Responding to your outstanding requests:

1. Attached is an NDA signature page executed by Mr. Petelin. He had not received any documents in the case that were marked confidential.
2. You mentioned the Kazakh Entities wanting two days (14 hours) for Mr. Petelin's

EXHIBIT 29
454

deposition. We're inclined to think 7 hours is sufficient for a non-party such as Mr. Petelin. (If the Court has issued a discovery order the Kazakh Entities believe is to the contrary, please let me know.)

3. I am happy to have a call, though Mr. Petelin has not yet decided to answer any questions about documents he may or may not have. I believe he was unsettled by the Kazakh Entities' warning that they would be seeking invasive discovery of his personal finances, combined with reports of coordination between Russia and Kazakhstan. I think it makes sense for me to circle back with the client before we have a call.

Regards,

Eugene

**From:** Craig Wenner <CWenner@BSFLLP.com>
**Date:** Thursday, February 1, 2018 at 7:24 PM
**To:** Eugene Illovsky <eugene@illovskylaw.com>
**Subject:** RE: Almaty et ano. v. Ablyazov et al

Eugene,

Are you available for a call some time tomorrow? I have now asked multiple times by phone and email whether or not Mr. Petelin is withholding responsive documents. Your letter provided no reason why that question cannot be answered, and I hope Mr. Petelin would want to avoid pointless motion practice if he in fact has nothing.

Regards,
Craig

**Craig Wenner**
Associate

**BOIES SCHILLER FLEXNER LLP**
575 Lexington Avenue
New York, NY 10022
(t) +1 212 909 7625
cwenner@bsfllp.com
www.bsfllp.com

**From:** Craig Wenner
**Sent:** Friday, January 26, 2018 10:16 AM
**To:** 'Eugene Illovsky'
**Subject:** RE: Almaty et ano. v. Ablyazov et al

Eugene,

EXHIBIT 29
455

Let's schedule for February 26 and 27. As with Ms. Petelina and other witnesses in this case who conduct their depositions in a foreign language, we ask that Mr. Petelin be available for a second day if necessary due to delays associated with translation.

Please also answer my questions below regarding whether Mr. Petelin has responsive documents. I would like to avoid moving to compel the production of something that does not exist. If Mr. Petelin has still refused to produce documents or we are unable to confirm that he has no responsive documents by February 26, we may need to push the deposition back.

Best,
Craig

**Craig Wenner**
Associate

**BOIES SCHILLER FLEXNER LLP**
575 Lexington Avenue
New York, NY 10022
(t) +1 212 909 7625
cwenner@bsfllp.com
www.bsfllp.com

---

**From:** Eugene Illovsky [mailto:eugene@illovskylaw.com]
**Sent:** Thursday, January 25, 2018 5:07 PM
**To:** Craig Wenner
**Subject:** Re: Almaty et ano. v. Ablyazov et al

Craig:

Suggested alternative deposition dates: February 26 or 27, or March 8, or 9, or 15, 16.

Eugene

---

**From:** Craig Wenner <CWenner@BSFLLP.com>
**Date:** Wednesday, January 24, 2018 at 1:38 PM
**To:** Eugene Illovsky <eugene@illovskylaw.com>
**Subject:** RE: Almaty et ano. v. Ablyazov et al

Eugene,

Before I respond to Mr. Petelin's specific concerns, there is still the unanswered threshold question of whether Mr. Petelin has any responsive documents at all. Does he? If he does not, a motion to compel would waste everyone's time and money, and waste judicial resources.

Does Mr. Petelin have any documents concerning any of the individuals listed under Request I or the entities under Request II?

EXHIBIT 29
456

As to Request III, Mr. Petelin's initial Responses and Objections state, "Mr. Petelin responds that he has no documents reflecting his sale of oil-and-gas assets." From our conversations, I understand he also has no documents reflecting the sale of any assets relating to Gazprom or any other sales of assets in Russia.

Request III additionally requests documents concerning "the disposition of the proceeds of any such sale or sales." Does Mr. Petelin have any such documents?

Without providing this information, there will be no meaningful way to limit the number of disputes or narrow the issues for the court.

Please also provide suggested alternative dates for Mr. Petelin's deposition.

Thanks,
Craig

**Craig Wenner**
Associate

## BOIES SCHILLER FLEXNER LLP

575 Lexington Avenue
New York, NY 10022
(t) +1 212 909 7625
cwenner@bsfllp.com
www.bsfllp.com

---

**From:** Eugene Illovsky [mailto:eugene@illovskylaw.com]
**Sent:** Wednesday, January 24, 2018 2:09 PM
**To:** Craig Wenner
**Subject:** Almaty et ano. v. Ablyazov et al

Craig:

Please see attached correspondence.

Thanks,

Eugene

--

Eugene Illovsky
Illovsky Law Office
1611 Telegraph Ave. Ste. 806
Oakland, CA 94612
510.394.5885 (o)
925.699.2826 (m)
www.illovskylaw.com

============================

EXHIBIT 29
457

This message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail to eugene@illovskylaw.com, and delete the message.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

EXHIBIT 29
458

Case 1:18-mc-00227-AJN-KHP   Document 14-30   Filed 04/13/18   Page 6 of 7

Case 1:15-cv-05345-AJN   Document 253   Filed 11/30/16   Page 12 of 13
Case 1:15-cv-05345-AJN   Document 252-1   Filed 11/28/16   Page 12 of 13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC, <br><br> Plaintiffs, <br><br> -against- <br><br> MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A., <br><br> Defendants. | 15 Civ. 5345 (AJN) (SN) <br><br> **NON-DISCLOSURE AGREEMENT** |

I, _Gennady Petelin_ acknowledge that I have read and understood the Protective Order in this action governing the non-disclosure of Confidential Discovery Material and Confidential Attorneys' Eyes Only Material. I agree that I will not disclose Confidential Discovery Material or Confidential Attorneys' Eyes Only Material to anyone except as permitted by the Protective Order and that at the conclusion of the litigation I will return all Confidential Discovery Material and/or Confidential Attorneys' Eyes Only Material to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

EXHIBIT 29
459

Case 1:18-mc-00227-AJN-KHP   Document 14-30   Filed 04/13/18   Page 7 of 7

Case 1:15-cv-05345-AJN   Document 253   Filed 11/30/16   Page 13 of 13
Case 1:15-cv-05345-AJN   Document 252-1   Filed 11/28/16   Page 13 of 13

Dated: 01/23/2018

Agreed and accepted:

By (sign): _____

Name (print): Gennady Petelin

Position/Title: _____

EXHIBIT 29
460