# BOERSCH & ILLOVSKY LLP

1611 TELEGRAPH AVENUE
SUITE 806
OAKLAND, CALIFORNIA 94612

o: 510.394.5885
m: 925.699.2826

eugene@boersch-illovsky.com
boersch-illovsky.com

June 11, 2019

**VIA ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007
Parker_NYSDChambers@nysd.uscourts.gov

  Re: <u>City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.</u>
     Case No. 15-Civ. 5345 AJN KHP

     <u>City of Almaty, et ano. v. Gennady Petelin</u>
     Case No. 18 Misc. 227 AJN KHP

Dear Judge Parker:

I represent non-party Gennady Petelin in the above-referenced actions. I am writing to respectfully ask the Court to reconsider its Order issued June 7, 2019 and, in particular, the order that "the parties should not file any briefs prior to the hearing." (ECF No. 1068 in Case No. 15-cv-05345).

On June 4, 2019, the Court held a Pre-Motion Conference in connection with a proposed motion by Plaintiffs, the Kazakh Entities, for sanctions against Mr. Petelin. (ECF No. 1032 in Case No. 15-05345; ECF No. 42 in Case No. 18 Misc. 227).[1] In the June 7 Order, the Court scheduled a hearing on a sanctions motion even though there has not yet been a sanctions motion filed by the Kazakh Entities that explains in any detail the issues they are complaining about.

---

[1] ECF references henceforth are to the docket in Case No. 18 Misc. 227 unless otherwise noted.

In their April 17, 2019 letter, the Kazakh Entities requested a pre-motion conference "to address their contemplated motion for contempt and sanctions." (ECF No. 41 at p. 3). In their letter, they generally described what they "will establish in their motion for contempt and sanctions." (Id.) They contended that an explanation of their "conclusion" about what Mr. Petelin supposedly did "far exceed[ed] the limits of" their letter brief, and there was "insufficient space even to explain precisely what the documents at issue are or why it matters who signed them." They thus committed to "thoroughly address these issues in the briefing supporting [their] contempt and sanctions motion." (Id. at p. 2, fn.1).

Your Honor is aware that the issues in the main action involve foreign entities (and several of them), international witnesses, and complex financial flows. There has been a great deal of testimony in the case, much of which is under seal and has not been accessible to Mr. Petelin, as a non-party, or his counsel. Under those circumstances, we respectfully suggest it would be fair to Mr. Petelin to require the Kazakh Entities to make the motion to address the issues they told the Court they would "thoroughly address." (Id. at p. 2, fn.1). That would allow Mr. Petelin to better defend himself by being able to understand the basis of the serious charges that are being leveled against him. It would help him determine how most efficiently to use whatever limited discovery the Court is allowing him. Having the issues laid out in detail would also allow the litigants to make more efficient use of the Court's time at any hearing it may hold.

Mr. Petelin respectfully asks the Court to require the Kazakh Entities to file a motion that sets forth their sanctions request and its basis, as the rules contemplate and as they had planned to do. The discovery and hearing can then be rescheduled as necessary to accommodate the motion and briefing.

Respectfully Submitted,

Eugene Illovsky