# BOERSCH & ILLOVSKY LLP

1611 TELEGRAPH AVENUE
SUITE 806
OAKLAND, CALIFORNIA 94612

o: 510.394.5885
m: 925.699.2826

eugene@boersch-illovsky.com
boersch-illovsky.com

September 3, 2019

**VIA ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007
Parker_NYSDChambers@nysd.uscourts.gov

      Re:  <u>City of Almaty, et ano. v. Gennady Petelin</u>
            Case No. 18 Misc. 227 AJN KHP

Dear Judge Parker:

I represent non-party Gennady Petelin in the above-referenced miscellaneous action, which is related to *City of Almaty et al. v. Mukhtar Ablyazov, et al.*, Case No. 15-cv-05345. Mr. Petelin respectfully seeks clarification on two issues affecting the scope and conduct of the hearing the Court has ordered for September 24, 2019. (ECF No. 50). Since the Court had ordered that there be no briefing before the hearing, Mr. Petelin first raised the issues in correspondence with counsel for the Kazakh Entities. The parties were, however, unable to agree.

<u>First Issue</u>. The Kazakh Entities first raised the prospect of a sanctions motion in an April 17, 2019 letter filed with the Court, suggesting issues with Mr. Petelin's: (1) response to a document subpoena; and (2) testimony pursuant to a deposition subpoena (ECF No. 41 at p. 3).

On February 15, 2018, the Kazakh Entities made a motion in this Court to compel Mr. Petelin "to respond to the document subpoena served on him on December 27, 2017." (ECF No. 546 in Case 15-5345). The motion was denied on Rule 45(d)(2)(B)(i) grounds (since the place of compliance was the Central District of California). (ECF No. 560 in Case No. 15-cv-5345). A joint motion on the document subpoena was then submitted in

Honorable Katharine H. Parker
September 3, 2019
Page 2

the Central District, which subsequently granted the Kazakh Entities' motion to transfer under Rule 45(f). After transfer, this Court issued an order on the motion to compel, noting that before the Court was "a document subpoena, December 21, 2017." (ECF No. 28 at p.1). This miscellaneous action, therefore, arises from and pertains to the document subpoena.

Mr. Petelin was deposed in California in August of 2018, pursuant to the deposition subpoena. No motion was filed arising from Mr. Petelin's deposition; of course, had one been made, the rules require that it have been filed in the place of compliance (as with the document subpoena). To the extent the Kazakh Entities seek sanctions for something arising from the deposition testimony, Rule 45 requires enforcement to occur in the place of compliance and not in this Court. As Fed. R. Civ. P. Rule 45(g) makes clear, "it is the court for the district where compliance is required" that "may hold in contempt" a person in connection with a particular subpoena.

Second Issue. The parties disagree over whether the rules allow Mr. Petelin to be compelled to appear in person to testify at the September 24th hearing. The Federal Rules of Civil Procedure, Mr. Petelin believes, do not provide the Court with personal jurisdiction over him merely by virtue of the fact that the motion to enforce the document subpoena has been transferred here.

Rule 45(c)(1)(A) states in pertinent part that a subpoena "may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, . . ." And while Rule 45(f) allows the Court where compliance is required to "transfer a motion . . . to the issuing court" – as the Central District of California did here – the witness's territorial protection provided by Rule 45(c)(1)(A) remains intact.

*Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38 (D.D.C. 2014) demonstrates that proposition. That case involved a motion to quash a third-party deposition subpoena issued by the Southern District of New York served on a person in the District of Columbia (where compliance was required). The Court stated that the transfer of the motion to quash to the Southern District did not entail that the deposition could take place in New York. 304 F.R.D. at *43. It held that "while the court where compliance is required may transfer subpoena-related motions to the court where the underlying action is pending, the territorial limitations of Rule 45(c)(1) remain applicable." *Id*. The Court went on to note that the "principles of personal jurisdiction as well as the text of Rule 45 preclude [it] from transferring the physical location of [the witness's] deposition." *Id*. at n.4

Honorable Katharine H. Parker
September 3, 2019
Page 3

Mr. Petelin is not addressing here the Court's ability to hold a hearing, but rather whether Rule 45(c)(1)(A) and principles of personal jurisdiction prohibit requiring Mr. Petelin to "attend a . . . hearing" that is not "within 100 miles of where [he] resides.

Respectfully Submitted,

*/s/ Eugene Illovsky*

Eugene Illovsky