# BOERSCH & ILLOVSKY LLP

1611 TELEGRAPH AVENUE
SUITE 806
OAKLAND, CALIFORNIA 94612

o: 510.394.5885
m: 925.699.2826

eugene@boersch-illovsky.com
boersch-illovsky.com

September 10, 2019

**VIA ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007
Parker_NYSDChambers@nysd.uscourts.gov

    Re:  City of Almaty, et ano. v. Gennady Petelin
           Case No. 18 Misc. 227 AJN KHP

Dear Judge Parker:

I represent non-party Gennady Petelin in the above-referenced action. Mr. Petelin offers this brief reply to the September 6 letter submitted by the Kazakh Entities. (ECF No. 57). Mr. Petelin's September 3 letter (ECF No. 56) made two points, one about the scope of the September 24th hearing and one about personal jurisdiction.

Scope of the Hearing. The Kazakh Entities' sanctions motion[1] aims to prove (presumably with live witnesses who will authenticate documents at the hearing) that Mr. Petelin's responses to certain questions at his deposition (which took place in California, consistent with Fed.R.Civ.P. 45) were false. Mr. Petelin's September 3 letter argued that, to the extent the Kazakh Entities are seeking relief in connection with compliance with a deposition subpoena, such a motion should be brought in the Central District of California.[2]

---

[1] Mr. Petelin expects to have an opportunity to raise in post-hearing briefing other legal issues, such as whether motions for sanctions under Fed. R. Civ. P. 37 lie against a third party.

[2] Mr. Petelin's letter was seeking clarification on the scope of the hearing. He was not raising issues about such things as the Court's "power to conduct an independent investigation," as the Kazakh Entities appear to argue.

Honorable Katharine H. Parker
September 10, 2019
Page 2

No motion to compel compliance with the deposition subpoena was made – no such motion was briefed in the Central District of California and thus not transferred to this Court – nor was one necessary, because Mr. Petelin complied with the deposition subpoena. The Kazakh Entities argue that Mr. Petelin was refusing (in advance) to comply with the deposition subpoena when his counsel advised them that "Mr. Petelin has not yet decided to answer questions about documents he may or may not have." (ECF No. 14-30 at p. 2). But the complete email exchange shows that Mr. Petelin's counsel was responding to a question by the Kazakh Entities' counsel about "whether or not Mr. Petelin is withholding responsive documents" in connection with the document subpoena. (ECF No. 14-30 at p. 2). That is, the quoted discussion pertained only to Mr. Petelin's response to the document subpoena and was not a sign of refusal to comply with the deposition subpoena.

Personal Jurisdiction. Mr. Petelin argued that Fed. R. Civ. P. 45(c)(1)(A) provides personal jurisdictional protection to third parties like him, such that he cannot be compelled to appear personally in the issuing district even if the underlying motion has been transferred to the issuing district. The Kazakh Entities respond that "Mr. Petelin is not responding to a subpoena – which is all that Rule 45(c)(1)(A) concerns." (ECF No. 57 at p. 2). But subpoenas are how third parties are brought before a court, and the plain language of Rule 45(c)(1)(A) is not limited to depositions (100 mile limit applies to "a trial, hearing, or deposition").

The Kazakh Entities then argue that the Court has "inherent authority to investigate a fraud" and that includes "the authority to compel witnesses – let alone the subject of the hearing – to testify." (ECF No. 57 at p. 3). But where? The argument begs the question not only of where that testimony should take place but whether such "inherent authority" operates without due process constraints or the territorial protections contained in Rule 45.

The Kazakh Entities also argue that the Court "already has personal and subject matter jurisdiction by virtue of the Rule 45(f) transfer." (ECF No. 57 at p.3). But nothing in the text of Rule 45(f) strips the third party of due process or territorial protection; it simply describes when the court in the compliance district "may transfer a motion under this rule to the issuing court." Again, as Mr. Petelin pointed out by his citation to *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38 (D.D.C. 2014) (ECF No. 56 at p.2), the transfer of the motion does not entail transfer of the person.

The Kazakh Entities argue that Mr. Petelin "waived any objection to the Court's jurisdiction over him when responding to the subpoenas." (ECF No. 57). There was no such waiver by failure to object; the subpoenas did not violate Rule 45(c)(1). Mr. Petelin's deposition was noticed for, and took place in, the Central District of California.

Honorable Katharine H. Parker
September 10, 2019
Page 3

And production under the document subpoena was called for, as the rules require, in the Central District of California.³

Mr. Petelin respectfully asks the Court to clarify that he cannot be compelled to appear personally in New York.

Respectfully Submitted,

*Eugene Illovsky*

Eugene Illovsky

---

³ The Kazakh Entities' citation to *Gucci Am., Inc. v. Weixing Li*, 768 F. 3d 122, 141 (2d Cir. 2014) does not advance their argument, since it does not deal with waiver or transfer.