```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/24/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC,<br><br>                         Plaintiffs,<br><br>-against-<br><br>MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,<br><br>                         Defendants. | 1:15-CV-05345 (AJN) (KHP) |
| CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC,<br><br>                         Plaintiffs,<br><br>-against-<br><br>GENNADY PETELIN,<br><br>                         Defendant. | 1:18-MC-00227 (AJN) (KHP)<br><br>**ORDER ON MOTION**<br>**FOR RECONSIDERATION** |

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiffs, the City of Almaty, Kazakhstan ("Almaty") and BTA Bank JSC ("BTA Bank") (collectively, the "Kazakh Entities") have moved pursuant to Local Civil Rule 6.3 for reconsideration of this Court's scheduling order dated September 11, 2019, in which it elected to defer a hearing on whether sanctions should be issued against Gennady Petelin. (*See City of Almaty, Kazahkstan v. Gennady Petelin*, 18-mc-00227 (AJN)(KHP), Doc. Nos. 59 and 60; *City of Almaty, Kazahkstan v. Mukhtar Ablyazov*, 15-cv-05345 (AJN)(KHP), Doc. Nos. 1167 and 1168.)

      Petelin is a non-party witness in Plaintiffs' suit encaptioned *City of Almaty, Kazakhstan, and BTA Bank JSC v. Mukhtar Ablyazov, Viktor Khrapunov, Ilyas Khrapunov, and Triadou SPV*

*S.A.*, 15-cv-05345 (AJN) (KHP) (the "Underlying Action"). He was deposed for two days in August 2018 pursuant to a subpoena enforced by this Court. (*See City of Almaty, Kazahkstan*, 15-cv-05345 (AJN)(KHP), Doc No. 803.) Plaintiffs now claim that Petelin produced fraudulent documents that are relevant to a key issue in the Underlying Action (the "SMP Documents"), and testified falsely about those Documents. Plaintiffs seek to confront Petelin with the SMP Documents, which they obtained and produced in the Underlying Action after the close of fact discovery, and obtain sanctions against Petelin for his alleged dishonest testimony.

This Court scheduled a hearing to take place in September 2019 regarding Petelin's purportedly false deposition testimony. However, in connection with this Court's oversight of discovery and scheduling matters in both the Underlying Action and the miscellaneous action against Petelin, and in light of other motions pending in the Underlying Action, this Court reconsidered its prior scheduling of the evidentiary hearing and determined that a motion seeking sanctions against Petelin is premature and should be addressed at a later date. (*City of Almaty*, *Kazahkstan*, 15-cv-05345 (AJN)(KHP), Doc. No. 1167; *City of Almaty*, *Kazahkstan*, 18-mc-00227 (AJN) (KHP), Doc. No. 59.)

Local Civil Rule 6.3 permits a party to file a motion for reconsideration of a court order on a motion within fourteen days after the entry of the Court's order. The standard for granting a motion for reconsideration is strict—the moving party must point to controlling decisions or data that the court overlooked "that might reasonably be expected to alter the [prior] conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Whether to grant or deny reconsideration under Local Rule 6.3 is

within "the sound discretion of the district court . . . ." *Azcel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks and citation omitted).

Here, the Kazakh Entities have not pointed to any controlling decisions or other data that this Court overlooked when it decided to adjourn the hearing on sanctions to a later date. Thus, they fail to meet the standard for reconsideration.

To the extent Plaintiffs argue that the law of the case doctrine precludes this Court from modifying the schedule for various motions and proceedings in two interrelated matters, they are incorrect. This Court has broad discretion in handling pre-trial discovery and scheduling. *See, e.g.*, *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 51 (2d Cir. 2004). Indeed, the law of the case doctrine does not abrogate this Court's discretion over case management and its ability to modify prior scheduling orders. *See, e.g.*, *United States v. Acquest Wehrle LLC*, No. 09-CV-000637C(F), 2010 WL 3788050, at *4 (W.D.N.Y. Sept. 23, 2010) (finding that law of the case doctrine did not apply to prior bifurcation order); *Stieberger v. Sullivan*, 738 F. Supp. 716, 725 (S.D.N.Y. 1990) (noting law of the case doctrine applies to "a prior ruling on an issue of law" (citations omitted)).

Insofar as Plaintiffs request permission to re-open Petelin's deposition, their request is denied. A party seeking to re-open discovery bears the burden of showing good cause, for which the primary consideration is whether there has already been adequate opportunity for discovery. *See Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991); *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011). Other factors the Court should consider include:

> (1) [W]hether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability

3

of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Bridgeforth v. City of New York,* 286 F. Supp. 3d 629, 632 (S.D.N.Y. 2017) (citation omitted); *see also City of Almaty, Kazakhstan v. Ablyazov*, No. 1:15-cv-05345 (AJN) (KHP), 2019 WL 275701, at *2–4 (S.D.N.Y. Jan. 22, 2019); *Bakalar*, 851 F. Supp. 2d at 493.

In the Underlying Case, Plaintiffs had an opportunity to depose Petelin over the course of two days more than a year ago. Discovery has ended, and although trial in the Underlying Action has not been scheduled, the parties will begin briefing summary judgment motions in the near future. Additionally, Triadou opposes the request to reopen discovery in the Underlying Action. (*See City of Almaty*, *Kazakhstan*, 15-cv-05345 (AJN)(KHP), Doc. Nos. 1078 and 1184.) Indeed, when Triadou requested to re-open Petelin's deposition as an alternative to filing its motion to preclude Plaintiffs from using the SMP Documents in the Underlying Action, Plaintiffs opposed this request and argued that:

> It is not clear what else those witnesses [including Petelin] need to be deposed on, other than to be given an opportunity to come up with some story explaining why SMP Partners only has the supposedly forged versions of the documents, and doesn't have a shred of correspondence with Petelin . . . .

(*City of Almaty*, 15-cv-05345 (AJN)(KHP), Doc. No. 1118, 21.) Plaintiffs also added that "[i]t is not true as a general matter that fairness demands that every witness can be confronted with every shred of paper." (*Id.* at 20.)

Plaintiffs cannot now claim prejudice when they previously argued that Petelin did not need to be confronted with the SMP Documents. It is apparent that Plaintiffs changed their strategy, and now seek to re-open discovery in the Underlying Action through the guise of an

4

evidentiary hearing on Petelin's allegedly false deposition testimony. The Court does not condone this type of maneuvering. Moreover, the Court rejects Plaintiffs' claims of prejudice. If and when Petelin testifies in the Underlying Action and offers his supposedly fraudulent documents for introduction into evidence, Plaintiffs will have a full opportunity to cross-examine him and introduce contrary evidence through other witnesses. The jury will then assess Petelin's credibility and "choose[] between conflicting versions of events . . . ." *See Wilson v. Thorn Energy, LLC*, 787 F. Supp. 2d 286, 293 (S.D.N.Y. 2011) (citations omitted).

Finally, the Court notes that it is a crime to provide false testimony in any proceeding before or ancillary to any court of the United States. *See* 18 U.S.C. § 1623. Additionally, Rule 3.3 of the New York Rules of Professional Conduct require an attorney to disclose client confidential information to a tribunal if such disclosure is necessary to remedy false evidence or testimony. *See* N.Y. State Bar Ass'n Comm. on Prof'l Ethics, Op. 837 (Mar. 16, 2010), *available at* https://www.nysba.org/CustomTemplates/Content.aspx?id=4896. The Rule also prohibits a lawyer from knowingly offering or using evidence the lawyer knows to be false. *See* N.Y. Rules of Prof'l Conduct 3.3(a); *see also* Cal. Rules of Prof'l Conduct 3.3(a) (Candor Toward the Tribunal). This Court expects that all the lawyers in these matters are fully familiar with the applicable Rules of Professional Conduct and the consequences of suborning perjury or otherwise violating their ethical obligations as officers of the Court. Thus, all parties are forewarned.

For the reasons set forth above, Plaintiffs' Motion for Reconsideration is denied. The Clerk of Court is respectfully requested to terminate the motions at Docket Number 1168 in

case number 15-cv-05345 (AJN)(KHP) and Docket Number 60 in case number 18-mc-00227 (AJN)(KHP).

**SO ORDERED.**

Dated: October 24, 2019
      New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge